```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

KAREN STEWART                                          PLAINTIFF

    vs.                    CASE No. 07-5024

TYSON FOODS, INC.                                      DEFENDANT

## O R D E R

    NOW on this 17th day of January 2008, the above referenced matter comes on for consideration of **Defendant's Motion for Summary Judgment** (document #10), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.  The plaintiff, Karen Stewart, brings this action asserting violations of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), Title VII, 42 U.S.C. § 2000e-2, e-3, and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et. seq. ("ACRA").  The defendant, Tyson Foods, Inc., denies the plaintiff's allegations.

    2.  Before the Court is defendant's motion for summary judgment, in which it asks that the Court grant it summary judgment dismissing plaintiff's complaint.

    The plaintiff opposes defendant's motion.

    3.  Summary judgment is appropriate only if, when viewing the facts in the light most favorable to the plaintiff and giving her the benefit of all reasonable factual inferences, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Leichihman v. Pickwick Int'l, 814 F.2d 1263, 1268 (8th Cir.), cert. denied, 484 U.S. 855 (1987). Summary judgments should be sparingly used in employment discrimination cases and then only in those rare instances where

there is no dispute of fact and where there exists only one conclusion.  All the evidence must point one way and be susceptible of no reasonable inferences sustaining the position of the non-moving party.  See Johnson v. Minnesota Historical Soc., 931 F.2d 1239, 1244 (8th Cir.  1991).

    4.  In light of the standards to be applied, and after a thorough review of the pleadings and other materials properly before the it, the Court concludes that unresolved disputes of material fact exist and that those disputes should be decided by a jury.  Accordingly, the Court deems it unnecessary to exhaustively review the proof marshaled by the parties at this point.  **Defendant's Motion for Summary Judgment** will, therefore, be **denied**.

    **IT IS THEREFORE ORDERED** that **Defendant's Motion for Summary Judgment** (document #10) should be, and it hereby is, **denied**.

    **IT IS SO ORDERED.**

                                           /S/JIMM LARRY HENDREN  
                                           JIMM LARRY HENDREN  
                                           UNITED STATES DISTRICT JUDGE